# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PENOVIA LLC, | CIVIL ACTION NO. 2:13-cv-0776-JRG |
| PLAINTIFF | Hon. Rodney Gilstrap |
| vs. | JURY TRIAL DEMANDED |
| GIGASET COMMUNICATIONS, INC., | |
| DEFENDANT | |

## GIGASET COMMUNICATIONS, INC.'S ANSWER TO PENOVIA LLC'S COMPLAINT

## ANSWER

Defendant Gigaset Communications, Inc. ("Gigaset"), by and through its counsel, hereby responds to the allegations contained in Plaintiff Penovia LLC ("Penovia")'s Complaint ("the Complaint") as follows:

## THE PARTIES AND JURISDICTION

1.  Gigaset admits that the Complaint purports to allege an action arising under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted herein, Gigaset denies the remaining allegations of Paragraph 1 of the Complaint.

2.  Gigaset admits that the subject matter jurisdiction of this Court purports to be based upon the statutes cited. Except as expressly admitted herein, Gigaset denies the remaining allegations of Paragraph 2 of the Complaint.

3.  Gigaset lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4.  Gigaset admits that Gigaset Communications, Inc. is a Delaware corporation.

Gigaset admits Penovia contends that this Court has personal jurisdiction over Gigaset. Except as expressly admitted herein, Gigaset denies the remaining allegations of Paragraph 4 of the Complaint.

5. Gigaset lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies them.

## VENUE

6. Gigaset admits Penovia contends that venue is proper in this district. Gigaset denies that venue is proper in this district. Gigaset denies that this is the most convenient forum for this action. Gigaset denies the remaining allegations of Paragraph 6 of the Complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,822,221

7. Gigaset repeats and realleges the responses contained in Paragraphs 1-6 as if fully set forth herein.

8. Gigaset admits Penovia contends this cause of action arises under the patent laws of the United States. Except as expressly admitted herein, Gigaset denies the remaining allegations of Paragraph 8 of the Complaint.

9. Gigaset lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies them.

10. Gigaset admits that a document purporting to be a copy of U.S. Patent No. 5,822,221 (the "'221 patent") is attached to the Complaint as Exhibit A. Except as expressly admitted herein, Gigaset denies the remaining allegations of Paragraph 10 of the Complaint.

11. Gigaset denies the allegations of Paragraph 11 of the Complaint.

12. Gigaset lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 12 of the Complaint, and therefore denies them.

13. Gigaset denies the allegations of Paragraph 13 of the Complaint.

14. Gigaset denies the allegations of Paragraph 14 of the Complaint.

15. Gigaset denies the allegations of Paragraph 15 of the Complaint.

**RESPONSE TO PENOVIA'S PRAYER FOR RELIEF**

Gigaset denies that Penovia is entitled to any of the requested relief. Penovia is not entitled to recover damages, injunctive relief, attorneys' fees, costs, interest, or any other type of recovery from Gigaset. Penovia's prayer for relief should, therefore, be denied in its entirety and with prejudice, and Penovia should take nothing.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, Gigaset asserts the following affirmative defenses. Gigaset reserves the right to amend its answer as further information becomes available through discovery.

**First Affirmative Defense**

(Lack of Standing/Failure to Join Necessary Party)

1. On information and belief, Penovia lacks standing to bring a patent infringement action based on the '221 patent and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

**Second Affirmative Defense**

(Failure to State a Claim)

2. The Complaint fails to state a claim on which relief can be granted.

### Third Affirmative Defense

(Noninfringement)

3. The Complaint fails to identify the basis for the alleged infringement of any claim of the '221 patent. Gigaset has not infringed any claim of the '221 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

### Fourth Affirmative Defense

(Invalidity)

4. The '221 patent, including all of the claims, are invalid for failure to comply with one or more of the requirements specified in Title 35 of the United States Code, including §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.

### Fifth Affirmative Defense

(Prosecution History Estoppel)

5. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that ultimately issued as the '221 patent and/or the application(s) to which the '221 patent claim priority, Penovia is precluded or otherwise estopped from asserting any construction of the claims of the '221 patent that is inconsistent with its or its predecessor-in-interest's representations before the PTO, including any amendment, cancellation or abandonment of claim(s), admissions and other statements made in and to the PTO.

### Sixth Affirmative Defense

(Estoppel, Waiver, Acquiescence, Unclean Hands, and/or Laches)

6. Penovia's claims against Gigaset are barred, in whole or in part, by the doctrine of estoppel, waiver, acquiescence, unclean hands, and/or laches.

### Seventh Affirmative Defense

(Failure to Mark or Notify)

7. On information and belief, Penovia is barred, or limited from, recovery in whole or in part by the failure to mark, by itself or by one or more parties licensed to practice the '221 patent, as required by 35 U.S.C. § 287. Penovia is also barred, or limited from, recovery in whole or in part by the failure to notify Gigaset of any alleged infringement of the '221 patent before the '221 patent expired, as required by 35 U.S.C. § 287.

### Eighth Affirmative Defense

(Limitation of Damages)

8. Penovia's claims for damages are barred or limited in whole or in part by 35 U.S.C. §§ 286, 287 and/or 288.

### Ninth Affirmative Defense

(No Willfulness)

9. Penovia is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging reprehensible culpability on the part of Gigaset, which is prerequisite for a finding of willfulness and an award of enhanced damages.

### Tenth Affirmative Defense

(Unavailability of Injunctive Relief)

10. Penovia is not entitled to injunctive relief or any other equitable relief because the asserted patent already expired.

### Eleventh Affirmative Defense

(Express/Implied License)

11. On information and belief, Penovia is barred, or limited from, recovery, in whole

or in part, because the accused components or products were manufactured or sold under an express and/or implied license from a licensed third party and/or its privies.

**Twelfth Affirmative Defense**

(Doctrine of Exhaustion)

12. Penovia's claims against Gigaset are barred, in whole or in part, by the doctrine of exhaustion.

## RESERVATION OF ADDITIONAL DEFENSES

Gigaset reserves any and all additional defenses available under Title 35 of the United States Code, the rules, regulations, or law related thereto, the Federal Rules of Civil Procedure, the rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## GIGASET'S PRAYER FOR RELIEF

WHEREFORE, Gigaset prays for entry of judgment in its favor as follows:

(a) That this Court enter judgment against Penovia and in favor of Gigaset on Penovia's claims of patent infringement, and that Penovia's Complaint be dismissed with prejudice;

(b) That this Court find the '221 patent not infringed by Gigaset;

(c) That this Court find the '221 patent invalid;

(d) That Penovia take nothing by its Complaint against Gigaset;

(e) That this Court find this case exceptional under 35 U.S.C. § 285 and award Gigaset its costs and fees in this action, including reasonable attorneys' fees; and

(f) That this Court award Gigaset such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Gigaset demands a trial by jury of any and all causes of action.


Dated: February 11, 2014                    Respectfully Submitted,

                                By:    */s/ Bijal V. Vakil*
                                       Bijal V. Vakil
                                       CA State Bar No.: 192878
                                       *(Admitted to practice in the Eastern District of Texas)*
                                       White & Case, LLP
                                       3000 El Camino Real
                                       Five Palo Alto Square 9th Floor
                                       Palo Alto, CA 94306
                                       Telephone: (650) 213-0300
                                       Facsimile: (650) 213-8158
                                       Email: bvakil@whitecase.com

                                       *Attorneys for Defendant*
                                       GIGASET COMMUNCATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this February 11, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                    */s/ Bijal V. Vakil*
                                      Bijal V. Vakil